**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLARA LYNCKER,

        Plaintiff,

vs.                                     Case No. 3:05-cv-765-J-32TEM

JOHNSON & JOHNSON
PENSION COMMITTEE,

        Defendant.

_____

**ORDER**[1]

This case is before the Court on Plaintiff Clara Lyncker's Motion for Award of Attorney's Fees and Taxable Costs. (Doc. 23). Defendant Johnson & Johnson Pension Committee ("defendant") filed a response opposing an award of attorney's fees; defendant does not dispute that Lyncker is entitled to taxable costs. (Doc. 25).

**I.   BACKGROUND**

On October 23, 2006, this Court awarded summary judgment to Lyncker holding that the administrator arbitrarily and capriciously denied her long term disability benefits. (Doc. 22). Based on the undersigned's ruling, Lyncker seeks attorney's fees and taxable costs.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

## II. DISCUSSION

### A. Attorney's Fees Entitlement

Under ERISA, this Court is vested with discretion in determining whether to award attorney's fees. See 29 U.S.C. § 1132(g)(1).[2] ERISA provides no presumption in favor of awarding fees. Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala., 41 F.3d 1476, 1485 (11th Cir. 1995); Stvartak v. Eastman Kodak Co., 945 F. Supp. 1532, 1546 (M.D. Fla. 1996). When a party moves for fees, the district court considers the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy such an award; (3) whether an award of attorney's fees against the opposing party would deter other persons from acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. Florence Nightingale, 41 F.3d at 1485; Ironworkers Local No. 272, et al. v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980). No single factor is dispositive and some may not apply in certain situations. Bowen, 624 F.2d at 1266.

The Court therefore looks at the totality of these circumstances. When weighing the factors set forth in Florence Nightingale and Bowen, the undersigned

---

[2] 29 U.S.C. § 1132(g)(1) provides "[i]n any action ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

finds that plaintiff is indeed entitled to an award of attorney's fees.

### B.   Administrative Fees

Defendant raises the issue of whether Lyncker is entitled to attorney's fees during the entire course of her representation (i.e., through the administrative phase as well as during the litigation of this case), or just during the litigation of the "action" in federal court. Defendant argues that Lyncker is not entitled to receive her fees for the work performed in the underlying administrative phase before Broadspire and the Johnson & Johnson Pension Committee wherein Lyncker's long term disability benefits were denied.

Defendant has not cited and the Court cannot find an Eleventh Circuit case on point. However, other circuits have considered this issue and uniformly held that a plaintiff deemed entitled to attorney's fees under § 1132(g)(1) is entitled only to fees incurred during the pendency of an action before the district court and not fees incurred during the required administrative phase of an ERISA case. See Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1011 (8th Cir. 2004) (Congress' use of phrase "any action" in § 1132(g)(1) precludes a plaintiff from recovering fees incurred in required pre-litigation administrative proceedings); Rego v. Westvaco Corp., 319 F.3d 140, 150 (4th Cir. 2003) (attorney's fees are categorically unavailable for expenses incurred while exhausting administrative remedies); Peterson v. Continental Casualty Co., 282 F.3d 112, 121 (2d Cir. 2002); Anderson v. Procter &

Gamble Co., 220 F.3d 449, 456 (6th Cir. 2000); Cann v. Carpenters' Pension Trust Fund, 989 F.2d 313, 317 (9th Cir. 1993).

While the Court is persuaded that those decisions appropriately answer the question of whether fees incurred in the administrative phase are available, it notes the difficulty in ascertaining precisely which pre-suit fees were incurred solely for the administrative phase and those which were incurred due to the litigation of the "action". The Second Circuit's decision in Peterson notes that "awards for pre-filing fees should be carefully reviewed so that they do not swallow the general rule that the decisive event triggering eligibility for fee awards pursuant to § 1132(g)(1) is the filing of a complaint in a court of competent jurisdiction." 282 F.3d at 121 n. 5.

Thus, plaintiff is clearly entitled to her attorney's fees from August 12, 2005 (the date the complaint was filed) forward. Further, because plaintiff's counsel had to evaluate the case prior to filing suit at the conclusion of the administrative phase (which occurred on July 18, 2005 when plaintiff's counsel received the final denial letter), the Court finds that all of the time expended after July 18 is compensable as it is a necessary part of the action itself.[3]

### C.   Amount of Fees and Costs

Plaintiff's counsel invested 26.11 hours into the case after July 18, 2005. At a

---

[3] This includes time spent in evaluating the claim for suit after the final administrative denial, conferring with the client concerning whether to proceed to suit and preparing the Complaint and Summons.

rate of $250.00 per hour, which the Court determines reasonable for plaintiff's counsel's experience level and the prevailing market rates in the Jacksonville, Florida legal community, plaintiff is entitled to an award of $6,527.50 in attorney's fees and $325.00 in taxable costs.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion For Award of Attorney's Fees and Taxable Costs (Doc. 23) is **GRANTED IN PART**.  Plaintiff is entitled to an award of $6,527.50 in attorney's fees and $325.00 in taxable costs for a total award of $6,852.50.

2. Post-judgment interest on this award is awarded pursuant to 28 U.S.C. § 1961 and will begin accruing upon entry of judgment.

3. The Court will enter judgment in favor of plaintiff and against the defendant.  The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida this <u>1st</u> day of February, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

t

Copies: Counsel of Record